UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-08865 PA (AFMx) | Date | November 7, 2019 |
|---|---|---|---|
| Title | Tashanie Clower v. Nettie Stevenson, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS    COURT ORDER

Before the Court is plaintiff Tashanie Clower's ("Plaintiff") Complaint and Request for Injunction (Docket No. 1 ("Compl.")), and defendant Nettie Stevenson's Ex Parte Application for Order to Remand Unlawful Detainer to State Court (Docket No. 12 ("Ex Parte App.")).  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds these matters appropriate for decision without oral argument.

## I.   Background

On October 15, 2019, Plaintiff filed a Complaint in this Court.  Plaintiff alleges that defendants Nettie Stevenson, Leona Stevenson, and Michael Stevenson ("Defendants") are "attempting to unjustly enrich themselves by continuously filing eviction notices in the lower courts based on fraudulent claims alle[g]ing that [Plaintiff has] not paid rent." (Compl. at 5.)  Plaintiff alleges Defendants are "conspiring to evict [her] because of [her] religious beliefs and practices." (Id.)  Plaintiff claims she has "rented from [Defendants] for over 3 [years] without incident up until [she] recently became a member of a Religious Society known as the Moorish Science Temple of America." (Id.)  Plaintiff brings a claim under, among other things, the Fair Housing Act." (Id. 1.)  Plaintiff seeks in part to enjoin Defendants from "proceeding with the unlawful detainer action in state court." (Id.)

On November 6, 2019, Nettie Stevenson filed an Ex Parte Application for Order to Remand Unlawful Detainer to State Court.  According to Nettie Stevenson's Ex Parte Application, this case "involves a residential unlawful detainer action . . . that was filed [in Los Angeles Superior Court] on September 10, 2019." (Ex Parte App. at 1.)  Trial in the unlawful detainer action was supposed to be held on November 6, 2019. (Id.)  Plaintiff "removed this matter to federal [c]ourt just prior to trial." (Id.)  "The unlawful detainer action was stayed and the trial date was continued to December 2, 2019." (Id.)  Nettie Stevenson argues this case should be remanded back to state court because (1) there is no diversity jurisdiction, (2) "[t]here is no federal question raised by the pleadings," and (3) Plaintiff's "claims are meritless." (Id.)  Nettie Stevenson claims that the "sole purpose of the Notice of Removal was to delay the unlawful detainer process in the state court." (Id. at 4.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-08865 PA (AFMx) | Date | November 7, 2019 |
|---|---|---|---|
| Title | Tashanie Clower v. Nettie Stevenson, et al. | | |

## II. Analysis

For the type of injunctive relief Plaintiff seeks, Plaintiff must demonstrate that she "is likely to succeed on the merits, that [she] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest." Fry v. Wachovia Mortg. FSB, 09-CV-2662, 2010 WL 1279062, at *1 (S.D. Cal. Mar. 26, 2010). Plaintiff's request for injunctive relief is unlikely to succeed on the merits, because the type of injunctive relief Plaintiff seeks violates both the Anti-Injunction Act and the Younger abstention doctrine.

### A. The Anti-Injunction Act

The Anti-Injunction Act provides that a federal court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. "Rooted firmly in constitutional principles, the [Anti-Injunction] Act is designed to prevent friction between federal and state courts by barring federal intervention in all but the narrowest of circumstances." Sandpiper Village Condo Ass'n., Inc. v. Louisiana-Pacific Corp., 428 F. 3d 831, 842 (9th Cir. 2005). The Anti-Injunction Act "extends not only to injunctions affecting pending proceedings, but also to injunctions against the execution or enforcement of state judgments. An injunction may not be used to evade the dictates of the Act if the injunction effectively blocks a state court judgment." Henrichs v. Valley View Dev., 474 F. 3d 609, 616 (9th Cir. 2007). "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers, 398 U.S. 281, 297, 90 S. Ct. 1739, 1748, 26 L. Ed. 2d 234 (1970).

"A request to enjoin 'a state court unlawful detainer action does not fall into one of the exceptions listed in the [Anti-Injunction] Act." Cordero v. CM REO Trust, 13-CV-495-DMG, 2013 WL 6255126, at *5 (C.D. Cal. June 3, 2013) (citing Diaz v. Nat'l City Bank, 12-CV-1393-MMA, 2012 WL 2129916, at *2 (S.D. Cal. June 12, 2012); see also Scherbenske v. Wachovia Mortg., FSB, 626 F. Supp. 2d 1052, 1059 (E.D. Cal. 2009) ("There is no federal statute authorizing a district court to enjoin a state unlawful detainer action."); Iam v. Wash. Mut. Bank, 12-CV-4106-PJH, 2013 WL 56703, at *1 (N.D. Cal. Jan. 2, 2013) ("A number of district courts have found that a stay of unlawful detainer proceedings does not fall into one of the exceptions listed in the [Anti-Injunction] Act."). Accordingly, the Court "is without jurisdiction to enjoin the pending unlawful detainer action in state court." Cordero, 2013 WL 6255126, at *5.

### B. The Younger Abstention Doctrine

Additionally, even if jurisdiction otherwise existed, "[u]nder the principles of comity and federalism commonly known as Younger abstention, a federal court should not interfere with ongoing judicial proceedings absent extraordinary circumstances." Id. at *6 (citing Younger v. Harris, 401 U.S.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-08865 PA (AFMx) | Date | November 7, 2019 |
|---|---|---|---|
| Title | Tashanie Clower v. Nettie Stevenson, et al. | | |

37, 44, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971)). "Abstention in favor of state judicial proceedings is required if the proceedings are ongoing, implicate important state interests and afford an adequate opportunity to raise federal questions, and if the federal relief sought would interfere in some manner with the state court litigation." Id. (citing Middlesex County Ethics Comm'n, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982). Here, all the prerequisites to the application of Younger abstention have been met. See Solomon v. Aurora Loan Servs., LLC, 12-CV-00209 WBS, 2012 WL 4747151, at *2 (E.D. Cal. Oct. 3, 2012) ("A number of courts have found Younger abstention appropriate when asked to restrain state unlawful detainer proceedings."). First, Plaintiff is currently the subject of ongoing state court proceedings. Second, "district courts have routinely found that unlawful detainer actions represent a sufficient state interest to warrant [Younger] abstention." Logan v. U.S. Bank Nat. Ass'n, 09-CV-08950-MMM, 2010 WL 1444878, at *3 (C.D. Cal. Apr. 12, 2010) ("Because Logan's complaint seeks to enjoin an unlawful detainer action that was pending in state court at the time the action was filed, the court must abstain from exercising jurisdiction under Younger v. Harris."). Third, there is no indication that the state court proceedings do not provide plaintiff with an adequate forum to raise possible federal claims. See H.C. ex rel Gordon v. Koppel. 203 F.3d 610, 613 (9th Cir. 2000) (California state courts provide "an adequate state forum in which to pursue . . . federal claims."); Moore v. Fruin, 12-CV-03140-ODW, 2013 WL 1859043, at *7 (C.D. Cal. Mar. 29, 2013) (finding the adequate opportunity factor of Younger abstention satisfied when "there is no indication that Plaintiff was denied the opportunity to raise his federal constitutional claims in his unlawful detainer action"). Finally, the relief Plaintiff seeks is "the most offensive and instrusive action that a federal court can take with respect to a state proceeding - to enjoin it altogether." Gilbertson v. Albright, 381 F.3d 965, 969 (9th Cir. 2004) (en banc).

Because each of the Younger elements are satisfied, the Court finds that dismissal of Plaintiff's claims for injunctive relief is appropriate. See Moore, 2013 WL 1859043, at *7. Plaintiff's requested injunctive relief would interfere with an underlying state court proceeding that implicates an important state interest - real property rights and obligations. The unlawful detainer action provides Plaintiff an adequate opportunity to address issues raised in her papers seeking injunctive relief. The Court is therefore not in a position to interfere with ongoing state court proceedings

**Conclusion**

For the forgoing reasons, the Court "den[ies] [P]laintiff's request to enjoin the unlawful detainer action currently pending in California state court." Solomon, 2012 WL 4747151, at *3.

In addition, Nettie Stevenson's Ex Parte Application to remand is denied as moot. Plaintiff's Complaint was filed as a new case, not as a petition for removal of the unlawful detainer action from the Los Angeles Superior Court. The unlawful detainer action remains pending in the Los Angeles Superior Court. Further, as noted above, the Court denies Plaintiff's request to enjoin the state court unlawful detainer proceeding.

IT IS SO ORDERED